


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
State Board of Control
Austin, Texas

Dear Madam:

Opinion No. O-1074
Re: Right of the Division of
Child Welfare of the State
Board of Control under au-
thority of its licensing
power to prohibit taking
of life insurance by foster
parents on children placed
in their care.

We have your letter of June 29, requesting our opin-
ion upon the following questions:

"1. Does the foster parent of a boarding home
for children have an insurable interest in
the child or children boarded in the home
when unrelated by either blood or affinity
to such children?

"2. In Question No. 1, would the foster parent
have an insurable interest if related by
blood or affinity to the child or children
boarded in the home? If so, within what de-
gree of kindred would there be an insurable
interest in the child?

"3. If it is found that certain classes of fos-
ter parents of boarding homes have no in-
surable interest in the child or children
boarded with them, would it be a reasonable
regulation of this office, under the licens-
ing functions of the Division as found in
Vernon's Texas Statutes, Article 695a, Sec-
tion 8 and Article 4442a, to prohibit such
foster parents from taking insurance on the
child or children boarded with them? Where
the foster parents are beneficiaries? Where
the estate of the child is made beneficiary?"

Mrs. Violet S. Greenhill, Chief, Page 2

Under the facts set out in your letter our answer to your first question is "no".

An insurable interest insofar as life insurance is concerned is defined in Volume 24, Section 70, page 767, Tex. Juris. as follows:

"In the case of life insurance, an insurable interest exists only if there be a reasonable ground, founded upon the relation of the parties, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured." First National Bank vs. Livesay, 37 S. W. (2d) 765.

Public policy prohibits insurance in favor of one having no insurable interest. Wilke vs. Finn, 39 S. W. (2d) 836.

Our answer to your second question is that a foster parent as defined in your letter is governed by the same rules of insurability that apply to people generally. This being true, you are advised that such foster parents would have an insurable interest in the life of the child if related within the degree considered necessary to sustain such insurable interest. Equitable Life Insurance Company vs. Hazelwood, 12 S. W. 621.

In this state our courts have held that where the insurable interest rests on relationship alone, as distinguished from a reasonable expectation of a pecuniary benefit or advantage from the continued life of the insured, that this relationship must be as close as the second degree. Wilton vs. New York Life Insurance Company, 78 S. W. 403.

Our answer to your third question is that you are authorized under the provisions of Article 695 (a), Section 8, in conjunction with Article 4442 (a), Vernon's Annotated Civil Statutes, to prescribe reasonable and uniform regulations requisite to issuing licenses to foster parents of boarding homes.

In our opinion to prohibit the taking of insurance on the life of a child by a foster parent having no insurable interest either where the foster parent or the estate of the child is named beneficiary, would be a reasonable regulation

supported by sound public policy and such regulation could be made within the sound discretion of the Division of Child Welfare of the State Board of Control.

Trusting that the above satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By E. R. Simmons

E. R. Simmons
Assistant

ERS:jm

APPROVE AUG 18, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN